```
Les W. Robertson (SBN 140796)
Davey T. Kim (SBN 209676)
ROBERTSON & ASSOCIATES, APC
550 West C Street, Suite 580
San Diego, CA  92101
Tel: (619) 531-7000
Fax: (619) 531-7007

Attorneys for Plaintiff
COLONY INSURANCE COMPANY
```

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHELLE CHRISTIANA NORTE DBA BEAUTY13,<br><br>    Defendant. | Case No. **'22CV68   GPC DEB**<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff, COLONY INSURANCE COMPANY ("COLONY"), pursuant to Federal Rules of Civil Procedure Rule 57 and the Uniform Declaratory Judgment Act, respectfully alleges as follows:

## PARTIES

1.  COLONY is a corporation organized and existing under the laws of Virginia. Colony is on the California Department of Insurance's List of Approved Surplus Line Insurers and at all relevant times transacted business in the State of California including the underwriting of policies of insurance to insureds in California.

2.  Defendant MICHELLE CHRISTIANA NORTE DBA BEAUTY13 ("DEFENDANT") is an individual doing business as Beauty13 with its business address 73261 HWY 111, Palm Desert, California 92260 ("Business Location").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332(a)(2) because there is complete diversity of jurisdiction between the parties.

4. Venue is proper pursuant to 28 U.S.C. §1391.

## NATURE OF THE CLAIM

5. This is an action for Declaratory Relief, for the purpose of construing and interpreting the terms of an insurance contract and for a determination of the rights and obligations of the parties arising from the insurance contract issued by COLONY to DEFENDANT. An actual controversy exists regarding the issue of coverage under the insurance policy.

## THE POLICY

6. COLONY issued to DEFENDANT Policy No. TAT801A3189 for the policy period from April 3, 2019 to April 3, 2020 (the "Policy"). (A true and correct copy of the Policy is attached hereto as "Exhibit A.")

7. The Policy provides general liability insurance to DEFENDANT with liability limits of $1,000,000 each occurrence and $2,000,000 general aggregate. The business description in the Policy's Declarations is permanent cosmetics. The location of the Covered Operation is the Business Location. The Policy has a $500 per claim deductible.

8. Section II – Who is an insured in the Policy states: "1. If you are designated in the Declarations as:  a.  An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner."

9. The Insuring Agreement under the Policy's "COMMERCIAL GENERAL LIABILITY COVERAGE FORM" (CG 00 01 04 13), SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, Paragraph 1.a., generally provides coverage, in pertinent

part, for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."

10. The Policy defines "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

11. The Policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

12. The Policy also includes certain exclusions which limit coverage available under the Policy's Insuring Agreement. Under Paragraph 2.a., the insurance provided under the Policy does not apply to:

   a. Expected or Intended Injury
   
   "Bodily Injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

13. The Policy also includes the Permanent Cosmetics – Barbers and Beauticians Coverage Extension Endorsement form U768-08/2012 and the Tattoo and Piercing Coverage Extension form U630 R2.1-08/2012 which identified the insured's permanent cosmetics business.

14. The Policy contains the Business Description and Classification Limitation form U992-0617 that reads:

BUSINESS DESCRIPTION AND CLASSIFICATION LIMITATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

SCHEDULE

Business Description: REFER TO ITEM 5. BUSINESS DESCRIPTION OF CERTIFICATE OF INSURANCE COMMON POLICY DECLARATIONS.

SECTION I - COVERAGES, COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement, and COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY, 1. Insuring Agreement are amended by the addition of following:

Coverage under this policy is specifically limited to those classification codes listed on the Policy Declarations or listed in the SCHEDULE above. No coverage is provided for any classification code or operation performed by the Named Insured not specifically listed in the Policy Declarations or listed in the SCHEDULE above.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

15. Item 5 in the Certificate of Insurance Common Policy Declarations in the Policy identified the business description to be permanent cosmetics.

16. Under the "Location of All Premises You Own, Rent or Occupy" in the Commercial General Liability Coverage Part Declarations of the Policy, the following address is listed as the covered location: 73261 HWY 111, Palm Desert, California 92260 (already identified as the "Business Location").

## GENERAL ALLEGATIONS

17. COLONY incorporates herein and realleges paragraphs 1 through 16 of this Complaint.

18. On March 17, 2020, Karen Soto with her daughter, Kasidee Puente, a minor, went to the DEFENDANT's residence located at 42895 Wingate Drive,

Banning, CA 92220 ("Residence"). While at the Residence, Ms. Norte's dog bit Kasidee Puente ("dog bite"). The dog bite did not occur at the Business Location.

19. On July 16, 2020, Kasidee Puente, by and through her Guardian ad Litem, Karen Soto ("Plaintiffs") filed a Complaint styled Kasidee Puente, by and through her Guardian ad Litem, Karen Soto v. Michelle Norte, et al., in the San Riverside County Superior Court, Case No. RIC2002671 (the "Underlying Action"). A copy of the Complaint filed by the Plaintiffs is attached as Exhibit "B."

20. The Complaint in the Underlying Action has four causes of action: (1) Strict Liability for Injury Caused by Domestic Animal With Dangerous Propensities, (2) Strict Liability per California Civil Code Section 3342, (3) Negligence, and (4) Premises Liability.

21. In their Complaint, Plaintiffs allege that Kasidee Puente, a minor, was injured from a dog bite at DEFENDANT's Residence. DEFENDANT is named as an individual defendant. Although DEFENDANT filed an Answer in response, Plaintiffs' counsel added "Beauty 13" as a doe amendment defendant in the Underlying Action.

22. Plaintiffs allege Plaintiff Kasidee Puente was physically and emotionally harmed and injured from the dog bite at the Residence.

23. In the Underlying Action, Plaintiffs seek damages for: (1) general and special damages according to proof; (2) medical and incidental expenses, including future expenses, according to proof; (3) loss of future earnings and other incidental expenses according to proof; (4) all costs of suit; (5) prejudgment interest; and (6) other further relief as determined by the court.

24. On or about November 16, 2021, COLONY first received notice of the incident giving rise to the Underlying Action.

25. DEFENDANT seeks coverage under the Policy for the dog bite injury at DEFENDANT's Residence.

///

# FIRST CAUSE OF ACTION

## DECLARATORY RELIEF- DUTY TO DEFEND

26. COLONY incorporates herein and realleges paragraphs 1 through 25 of this Complaint.

27. COLONY agreed to provide DEFENDANT with a defense in the Underlying Action, subject to a full reservation of rights.

28. The causes of action asserted against DEFENDANT in the Complaint in the Underlying Action are premised on allegations that Defendant (1) owned, kept, controlled, possessed, harbored and or had custody of the dog, (2) knew or should have known of the dog's vicious tendencies, and (3) failed to control or stop the dog, so as to not to cause danger and/or injury to Plaintiff Kasidee Puente at DEFENDANT's Residence.

29. COLONY contends it has no defense or indemnity obligation in the Underlying Action because the dog bite injury does not fall within the Insuring Agreement of the Policy because the dog bite injury occurred at a non-covered location.

30. COLONY further contends it has no defense or indemnity obligation in the Underlying Action because the dog bite injury at DEFENDANT's Residence was expected or intended from the standpoint of DEFENDANT.

31. COLONY contends that all of the damages Plaintiffs seek based on the allegations against DEFENDANT either do not fall within the Policy's Insuring Agreement, or are barred by applicable policy provisions and exclusions.

32. COLONY contends that it does not have an obligation to provide DEFENDANT with a defense in the Underlying Action.

33. DEFENDANT claims that COLONY is obligated to provide a defense to DEFENDANT in the Underlying Action.

/ / /

/ / /

34. An actual controversy has arisen and now exists between the parties concerning whether COLONY owes DEFENDANT a duty to defend in the Underlying Action.

35. COLONY seeks a judgment declaring the rights and duties of COLONY and DEFENDANT relative to an actual, present and existing controversy between the parties as to whether COLONY has a duty to defend DEFENDANT against the allegations of the Complaint in the Underlying Action.

## SECOND CAUSE OF ACTION

## DECLARATORY RELIEF – DUTY TO INDEMNIFY

36. COLONY incorporates herein and realleges paragraphs 1 through 35 of this Complaint.

37. DEFENDANT requests COLONY provide indemnity coverage to DEFENDANT for the Underlying Action.

38. COLONY contends that it does not have an obligation to indemnify DEFENDANT in the Underlying Action.

39. An actual controversy has arisen and now exists between the parties concerning whether COLONY owes DEFENDANT a duty to indemnify it in the Underlying Action.

40. COLONY seeks a judgment declaring the rights and duties of COLONY and DEFENDANT relative to an actual, present and existing controversy between the parties as to whether COLONY has a duty to indemnify DEFENDANT in the Underlying Action.

## PRAYER FOR RELIEF

WHEREFORE, COLONY respectfully requests that this Court enter a judgment declaring the rights, status and obligations of the parties under the Policy, including, but not limited to, the following declarations:

/ / /

/ / /

1. COLONY has no duty to defend or indemnify DEFENDANT in the Underlying Action because the Policy's terms, conditions and exclusions apply to preclude any potential for coverage, or actual indemnity, under the Policy;

2. COLONY has the right to withdraw from the defense of the Underlying Action should facts or circumstances arise indicating that the Underlying Action presents no potential for liability subject to the coverage afforded by the Policy; and

3. Such other and further relief as the Court deems necessary and proper, including but not limited to, an award of costs in favor of COLONY.

DATED: January 19th, 2022     ROBERTSON & ASSOCIATES, APC

By:   /s/Les W. Robertson
Les W. Robertson, Esq.
Davey T. Kim, Esq.
Attorneys for Plaintiff
COLONY INSURANCE COMPANY