UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br><br>                                  Plaintiff,<br>v.<br><br>MICHELLE CHRISTIANA NORTE dba BEAUTY13,<br><br>                                  Defendant. | Case No.:  22-cv-68-GPC-DEB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**[ECF Nos. 26, 29]** |

## INTRODUCTION

Before the Court is Plaintiff Colony Insurance Company's ("Plaintiff" or "Colony") Motion for Default Judgment, (ECF No. 26), and Defendant Michelle Christiana Norte's ("Defendant" or "Norte") Motion to Set Aside Entry of Default, (ECF No. 29). For the reasons below, the Court **GRANTS** Defendant's Motion to Set Aside Entry of Default and **DENIES** as MOOT Plaintiff's Motion for Default Judgment. The hearing set for November 4, 2022 is **VACATED**. Defendant is directed to file a response to Plaintiff's Complaint on or before **Friday, December 2, 2022**.

1

## BACKGROUND

Much of the factual background relevant to these Motions was recounted in the Court's Order granting Defendant's prior Motion to Set Aside Entry of Default and denying as moot Plaintiff's prior Motion for Default Judgment. *See* ECF No. 16.

Plaintiff originally filed their Complaint on January 19, 2022 seeking declaratory relief that Plaintiff Colony Insurance Company does not have a duty to defend or indemnify Defendant Norte for a dog bite injury suffered by one of Norte's customers. ECF No. 1. Defendant's initial response to the Complaint was due on or before March 18, 2022. ECF No. 16 at 2. Defendant failed to file any response by this date, and the Clerk entered default against Norte on March 24, 2022. ECF No. 8. Defendant Norte filed her Answer on March 25, 2022, (ECF No. 9), but this document was stricken as untimely and Norte was instructed to file a Motion to Set Aside Default, (ECF No. 10).

On March 31, 2022, Plaintiff filed a Motion for Default Judgment against Defendant. ECF No. 11. On May 4, 2022, Defendant filed a Motion to Set Aside Entry of Default, (ECF No. 13), and the Court granted that Motion on July 13, 2022, (ECF No. 16). The Court instructed Defendant to file her response to Plaintiff's Complaint on or before August 19, 2022. *Id.*

Defendant again failed to properly file her response, and the Clerk again entered default against Defendant on August 31, 2022. ECF No. 21. Plaintiff filed the current Motion for Default Judgment on September 8, 2022, (ECF No. 26), and Defendant Norte filed her Motion to Set Aside Entry of Default on October 6, 2022, (ECF No. 29). Both Motions have been fully briefed.

## LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). An entry of default may be set aside

2

for "good cause." Fed. R. Civ. P. 55(c). The decision to set aside default is within the district court's discretion, and a court's discretion to set aside entry of default, rather than default judgment, is "especially broad." *Brandt v. Am. Bankers Ins. Co. of Fl.*, 653 F.3d 1108, 1111 (9th Cir. 2011). In the Ninth Circuit, a court should consider three factors when deciding to set aside entry of default: (1) whether the Plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986).

## DISCUSSION

### I.  Prejudice to Plaintiff

To be sufficiently prejudicial, "the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1095 (9th Cir. 2010). "The standard is whether [Plaintiff's] ability to pursue [their] claim will be hindered." *Falk*, 739 F.2d at 463; *see also Hawkins v. Bank of America, N.A.*, 2018 WL 3426218, at *3 (S.D. Cal. July 16, 2018) (finding no prejudice when Plaintiff argued setting aside entry of default would result in "more delay" and "force him to incur substantially more attorney's fees").

Here, Plaintiff does not argue their ability to pursue their claim will be hindered if the default is set aside. Plaintiff argues that they are "prejudiced by Defendant's ongoing attempt to [set] aside another default in which Plaintiff was aware, but failed to respond timely." ECF No. 31 at 5. Plaintiff provides no additional elaboration. Further, Plaintiff states they are "prejudiced in continuing to defend Defendant in the Underlying State

Action . . . while Plaintiff seeks to get a judgment that Defendant's Residence is not a covered location [in this Court]." *Id.* As the Court sees it, Plaintiff essentially argues prejudice exists because of the delayed resolution of this case and nothing more. This is not enough to show prejudice under *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Plaintiff fails to demonstrate that setting aside the default will hinder their ability to pursue this action, and thus this factor weighs in favor of granting Defendant's Motion.

## II.  Meritorious Defense

"All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *United States v. Aguilar*, 782 F.3d 1101, 1107 (9th Cir. 2016). The Court should not decide if the facts making up the defense are true at this stage, as "that question is the subject of later litigation." *Mesle*, 615 F.3d at 1094. The purpose of this inquiry is to "determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). "[T]he burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001) (applying *Falk* factors), *overruled on other grounds*.

The Court previously found that Defendant's Answer, although untimely filed and stricken, set forth enough facts that, if taken as true, satisfy this prong. ECF No. 16 at 7. Defendant Norte included a copy of her Answer with her current Motion to Set Aside Default. ECF No. 29 at 14-20. Namely, Norte alleges the injured customer "came to see the Defendant at her business for the purpose of business." ECF No. 29 at 3 ¶ 18. Because the burden at this stage is not "extraordinarily heavy," the Court finds this is enough to constitute a potentially meritorious defense should the case proceed.

## III.  Culpable Conduct

A defendant's conduct is culpable when she has "received actual or constructive notice of the filing and intentionally failed to answer." *Mesle*, 615 F.3d at 1091. "Intentional" requires more than defendant "simply . . . having made a conscious choice not to answer." *Id.* Instead, defendant "must have acted in bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process.'" *Id.* (quoting *TCI Group*, 244 F.3d at 697). Conduct will be culpable when "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.*

Here, it does not appear to the Court that Defendant Norte acted in bad faith either time she failed to properly file her Answer. Although the Court was clear in its July 13, 2022 Order that Ms. Norte must file her Answer on or before August 19, 2022, the Court understands that it is possible Ms. Norte "mistakenly believed that her proposed answer was attached along with her filed Motion to Set Aside," and that she did not need to file the Answer again. ECF No. 29 at 4. Upon receiving notice that default had again been entered, it appears Defendant accidentally filed her May 4, 2022 Motion to Set Aside Default in what she claims was an attempt to file her Answer. ECF No. 29 at 5. Ms. Norte alleges that once she became aware of the mistake, she filed another copy of the Motion to Set Aside Default with her Answer attached. *Id.*

Plaintiff does not provide opposing arguments or facts that lead the Court to believe Ms. Norte acts in bad faith. Plaintiff simply states that Defendant is culpable because "she was fully aware of the response deadline and the consequences for not timely responding" but still failed to file her Answer. ECF No. 31 at 6. Incompetence and/or a lack of due diligence does not necessarily indicate an "intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1091.

In her present Motion to Set Aside Entry of Default, Defendant Norte again attached a copy of her Answer. ECF No. 29 at 14. The Court makes clear this is **not** a sufficient filing of her Answer, and she is instructed to properly file her Answer on or before **December 2, 2022**.

## CONCLUSION

The Court finds good cause exists to set aside default based upon evidence that Defendant was confused regarding the filing of her Answer, the potential existence of a meritorious defense, and the absence of prejudice to Plaintiff. The Court **GRANTS** Defendant's Motion to Set Aside Entry of Default, (ECF No. 29), and **DENIES** as MOOT Plaintiff's Motion for Default Judgment, (ECF No. 26). The hearing on this matter currently set for November 4, 2022 is hereby **VACATED**. Defendant Norte is instructed to file her response to Plaintiff's Complaint on or before **December 2, 2022**. Ms. Norte is advised that the Answer attached to her current Motion to Set Aside Entry of Default, (ECF No. 29), does not constitute filing of her Answer.

**IT IS SO ORDERED.**

Dated: October 27, 2022

Hon. Gonzalo P. Curiel
United States District Judge